# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK WADE CARLON,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | Case No. 1:18-cv-01085-SKO<br><br>**INFORMATIONAL ORDER**<br>**FOR PRO SE LITIGANTS** |

Plaintiff Derek Wade Carlon ("Plaintiff") is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security ("Defendant") that denied, in whole or in part, Plaintiff's claim for benefits under the Social Security Act.[1] (Doc. 1.)

This order serves as a step-by-step guide for pro se litigants. Plaintiff is strongly urged to read this order and keep it readily available for future reference.

## I. Service of the Complaint

As outlined in the Scheduling Order issued in this case, Plaintiff shall serve a copy of the (1)

---

[1] Plaintiff also purports to assert claims against Defendant on behalf of himself and others who "could not reasonably access their SSA records and then fairly represent themselves at their disability hearings" as a result of Defendant's alleged policy of releasing records to claimants on "encrypted disks." (*See* Doc. 1 at 5–7.)

1 summons, (2) complaint, (3) notice of availability of a Magistrate Judge and the form of
2 consent/decline to jurisdiction of the United States Magistrate Judge (*see* Local Rule 305(a)), and
3 (4) the Scheduling Order, within twenty (20) days of Plaintiff filing the complaint.

As Plaintiff is not proceeding in forma pauperis, Plaintiff or legal counsel is responsible for service and filing a proof of service without delay. *See* Local Rule 210.

Lawsuits for review of administrative decisions made by the Commissioner of Social Security are prosecuted against the Commissioner of Social Security. Federal Rule of Civil Procedure 4(i)(2) and (3) provide that to serve the Commissioner in his official capacity, the party must serve (1) the United States, and (2) the Commissioner.

To serve the United States, a party must:

(1) Deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought, or to an Assistant United States Attorney or clerical employee whom the United States Attorney designates in a writing filed with the Court; or, send a copy of the summons and complaint, by certified mail only, to the Civil Process Clerk at the United States Attorney's Office; and

(2) Send a copy of the summons and complaint, by certified mail only, to the Attorney General of the United States in Washington, D.C.; and

(3) Send a copy of the summons and complaint, by certified mail only, to the Commissioner (the officer of the United States whose order is challenged by the lawsuit) in San Francisco, California. Fed. R. Civ. P. 4(i)(1)-(3).

Initial service of process is sufficient if Plaintiff serves, by certified mail only, copies of the summons and complaint on:

        Office of the United States Attorney
        Civil Process Clerk
        2500 Tulare Street, Suite 4401
        Fresno, CA 93721

        Office of the Attorney General of the United States
        950 Pennsylvania Avenue, N.W.
        Washington, DC 20530-0001

> Office of the General Counsel
> Social Security Administration
> 160 Spear Street, Suite 800
> San Francisco, CA 94105

After service upon these entities, a proof of service must be filed with the Court without delay pursuant to Local Rule 210. As Plaintiff is not proceeding in forma pauperis, Plaintiff must promptly file a proof of service with the Court.

## II.     **Attempt at Informal Resolution of the Case**

Pursuant to the Scheduling Order, within 120 days after service of the complaint, Defendant is required to serve a copy of the administrative record on Plaintiff and file the administrative record with the Court, which serves as the answer to the complaint in this proceeding.

Once the administrative record has been filed, the parties must try to resolve the case informally. The parties must exchange informal briefs in the form of letters about the case and attempt to agree on whether the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge.

In the letter brief, Plaintiff must briefly set forth (1) the issues in the case, (2) the reasons why Plaintiff believes that Plaintiff is entitled to Social Security benefits, and (3) why the decision to deny benefits should be remanded.

The letter brief must be marked "Confidential Letter Brief," should not be filed with the Court, and must be served on Defendant within 30 days from the date Defendant served Plaintiff with the administrative record, by mailing copies to all the attorneys listed on the court docket who represent Defendant, Commissioner of Social Security, at the addresses noted on the court docket. A certificate of service of the Confidential Letter Brief shall be filed with the Court, but the Confidential Letter Brief itself shall not be filed with the Court.

The name of the attorney or attorneys representing Defendant are added to the court docket when the Court receives Defendant's response to the complaint which, again, usually consists of the administrative record. Sometimes the court docket lists not only an attorney at the office of the General Counsel of the Social Security Administration in San Francisco, California, but also an attorney at the United States Attorney's Office in Fresno, California. In these cases, Plaintiff must

1  mail copies of the Confidential Letter Brief to all counsel for Defendant.

2  Defendant's Confidential Letter Brief must be served on Plaintiff no later than 35 days after Defendant is served with Plaintiff's Confidential Letter Brief. A certificate of service of Defendant's Confidential Letter Brief shall be filed with the Court.

If the parties agree to a remand, the case will go back to the Social Security Administration before any formal briefs are filed with the Court, and without the Court ever considering the merits of the case. The parties' agreement to remand the case must be set forth in writing in the document titled "Stipulation and Order," which must be signed and filed with the Court no later than 15 days after Defendant's service of the Confidential Letter Brief on Plaintiff. *See* Local Rule 143(a)(1), (b).

The informal letter briefs exchanged by the parties are confidential in that they are not filed with the Court. If the parties are unable to agree to a remand, the letters are not part of the case file and are not before the Court if and when the Court finally considers the case on the merits.

### III. **Briefs**

If, after exchanging the Confidential Letter Briefs, the parties are unable to agree to a remand of the case, the parties must file formal briefs with the Court as directed in the Scheduling Order. Following the filing of the formal briefs with the Court, the Court will consider the merits of the case and make a decision.

#### A. Plaintiff's Opening Brief

Plaintiff's opening brief must be filed and served no later than 30 days from the date of service of Defendant's informal letter brief on Plaintiff. Plaintiff must serve a copy of the opening brief on all the attorneys listed for Defendant on the court docket at the addresses noted on the court docket. Plaintiff is advised that failure to timely file an opening brief will result in dismissal of the action.

Plaintiff must also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

//

//

4

Office of the Clerk
United States District Court
Eastern District of California
2500 Tulare Street, Suite 1501
Fresno, California 93721

Plaintiff's opening brief must contain the following:

(1) A plain description of Plaintiff's alleged physical or emotional impairments, when Plaintiff contends they became disabling, and how the impairments disabled Plaintiff from working;

(2) A summary of the administrative proceedings before the Social Security Administration;

(3) A summary of the relevant testimony at the administrative hearing;

(4) A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

(5) A recitation of the Social Security Administration's findings and conclusions relevant to Plaintiff's claims;

(6) A short, separate statement of each of Plaintiff's legal claims explaining why the facts do not support the ALJ's findings; and

(7) Any argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact must be accompanied by citations to the administrative record. Any argument in support of each claim of error must be supported by citation to legal authority and an explanation as to how such authority applies to the facts of the case. Briefs that do not substantially comply with these requirements will be stricken. A document that is stricken becomes null and void and will not be considered by the Court for any purpose.

B.  Defendant's Responsive Brief

Pursuant to the Scheduling Order, Defendant's responsive brief must be filed and served on Plaintiff within 30 days from the date of service of Plaintiff's opening brief on Defendant.

C.  Plaintiff's Reply Brief

Plaintiff may, but is not required, to file a reply brief within 15 days from the date of

Defendant's service of the responsive brief on Plaintiff. Plaintiff must serve a copy of the reply brief on Defendant by serving the United States Attorney for the Eastern District of California as set forth in Section I above. Plaintiff must also file the original reply brief, together with a copy, with the Court at the Court's address noted above.

Plaintiff's reply brief should respond to the arguments made in Defendant's responsive brief.

### IV. Motion to Dismiss

In some cases, instead of serving and filing an administrative record, Defendant may file a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12, within 120 days from the date defendant is served with Plaintiff's complaint.

Plaintiff may oppose a motion to dismiss by filing and serving an opposition to the motion within 14 days from the date of service of the motion to dismiss on Plaintiff. Plaintiff's brief should be titled "Opposition to Defendant's Motion to Dismiss." *See* Local Rule 230(c).

The Court will consider a motion to dismiss only after receiving opposition from Plaintiff, or after the time for filing opposition has passed. In ruling on a motion to dismiss the case, the Court may either (1) deny the motion and proceed with the case, ordering the parties to proceed to file the administrative record, attempt informal resolution, and file briefs; or (2) grant the motion to dismiss, and dismiss all or part of the case.

### V. The Court's Decision on the Merits

The Court will consider the merits of the case only after all briefs have been filed, and may enter judgment affirming, modifying, or reversing the determination of the Social Security Administration. The Court may or may not remand the case to the Social Security Administration for a further hearing.

### VI. General Summary of Deadline Calculations

| **Event** | **Deadline** | **Reference** |
|---|---|---|
| Service of Complaint | 20 days after filing complaint | *See* Section (I) above |
| Administrative Record | 120 days after service of complaint | *See* Section (II) above |
| Plaintiff's Opening Brief | 95 days after administrative | *See* Section (III)(A) above |

| | | |
|---|---|---|
| | record is lodged with Court | |
| Defendant's Brief | 30 days after Plaintiff's opening brief is filed | *See* Section III(B) above |
| Plaintiff's Reply Brief (Optional) | 15 days after Defendant's brief is filed | *See* Section III(C) above |

## VII. Rules for Litigating this Action

A. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

Local Rule 206 pertains to social security actions. Specifically, sections (a)(1) and (2) of Rule 206 generally state that complaints shall contain the last four digits of Plaintiff's social security number only, i.e., XXX-XX-1234, and that Plaintiff shall privately disclose to Defendant, within 5 days after a request is made to Plaintiff, the full social security number of Plaintiff. Plaintiff shall refrain from disclosing the entire social security number on any filings.

**FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS.** *See* **Local Rule 110; Fed. R. Civ. P. 41(b).**

B. Documents intended to be filed with the Court must be mailed to the Clerk of the Court in Fresno, California, at the address noted above. *See* Local Rule 134(a). All documents mailed directly to a judge's chambers will be stricken from the record. A document requesting a court order must be styled as a motion, not as a letter. *See* Fed. R. Civ. P. 7.

C. Each separate document must be separately stapled. *See* Local Rule 130. If a document is stapled behind another document, it will not be filed and will not be docketed as a separate document.

D. All documents filed with the Court must be submitted with an additional legible copy for the Court's use. *See* Local Rule 133(d)(2). A document submitted without an extra copy for the Court's use will be stricken. If the filing party wishes the Court to return a file-stamped copy, an additional copy must be provided for that purpose (i.e., an original and two copies – one for the Court's use and one to be returned to the filing party), together with a self-addressed stamped

envelope.  The Court cannot provide copy or mailing service for a party.  Copies of documents from the Court's file may be obtained from the Clerk's Office at the cost of fifty cents per page.

E. After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a proof of service stating that a copy of the document was served on the opposing party.  *See* 28 U.S.C. § 1746; Fed. R. Civ. P. 5; Local Rule 135.  A document submitted without the required proof of service will be stricken.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

F. A pro se Plaintiff has a duty to keep the Court and opposing parties' counsel apprised of a current address.  If Plaintiff moves and fails to file a notice of change of address, service of court orders at Plaintiff's prior address shall constitute effective notice.  *See* Local Rule 182(f).  If mail directed to Plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  If Plaintiff's address is not updated within 60 days of mail being returned, the action will be dismissed for failure to prosecute.  *See* Local Rule 183(b).

IT IS SO ORDERED.

Dated:  **August 17, 2018**              /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE